IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY ALLEN CLAYBON, )<br>    Plaintiff, )<br>vs. )<br>)<br>DALLAS COUNTY CRIMINAL )<br>COURT #1, et al., )<br>    Defendants. ) | No. 3:21-CV-1864-L-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

**I. BACKGROUND**

On August 10, 2021, Gregory Allen Claybon (Plaintiff) sued Dallas County Criminal Court # One and the Dallas District Attorney's Office, alleging violations of his rights under the Sixth Amendment of the Constitution based on the actions of the presiding judge, his defense attorney, and the District Attorney (DA) during probation revocation proceedings that occurred between 1998 and 2000. (*See* doc. 3 at 2.)[2]  In a Magistrate Judge's Questionnaire (MJQ) to obtain more information about his claims, he was advised that the defendants appeared to be non-jural entities that were not subject to suit, and he was given the opportunity to name different defendants. (*See* doc. 6 at 2.)  He responded to the MJQ and named an Assistant District Attorney (ADA), in her official capacity, as the sole defendant.  (*See* doc. 7.)  He subsequently filed two amended complaints, which appear to be supplements to his MJQ response, in which he named a second ADA and the DA as defendants. (*See* docs. 10, 11.)  He contends that the DA is responsible for all actions

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

of his subordinates; one of the ADAs recommended that he be sentenced to an illegal 10-year prison term, and the other submitted allegedly fabricated documents to the appellate court to keep him in prison illegally. (*See* doc. 7 at 2-3, 5, 6; doc. 10 at 4; doc. 11.) He seeks monetary damages and to "overturn the illegitimate conviction and sentence." (*See* doc. 7 at 2, 6.)

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the

2

United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**     *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Where the issues are appropriate for early and final determination, however, consideration of whether *Heck* bars a plaintiff's claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Little v. Board of Pardons and Parole Division*, 68 F.3d 122, 123 (5th Cir. 1995) ("Even if a complaint is subject to dismissal under *Heck*, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis.")(citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

Here, although Plaintiff's claims appear to be barred by *Heck* because their success would imply the invalidity of his probation revocation and conviction, consideration of whether *Heck* bars

3

---
---

those claims is not required because his claims are appropriate for early and final determination.

B.     **Eleventh Amendment Immunity**

Based on his MJQ response, Plaintiff appears to sues the DA and ADAs in their official capacities.[3] (*See* doc. 7 at 2.) An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). When acting in their official prosecutorial capacities, Texas district attorneys and assistant district attorneys are considered agents of the State, so any suit against the DA and ADAs in their official capacities is a suit against the State of Texas. *See Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-293 (5th Cir. May 4, 2009).[4]

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This

---

[3] When a plaintiff does not specify the capacity in which he sues, courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See United States ex rel. Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities, and the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official is sued) (quoting *Adrian*); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted). Plaintiff's claims may also be liberally construed as asserted against the defendants in their official capacities based on his request for monetary relief from the state. *See Thomas*, 294 F. Supp. 3d at 604 n. 13.

[4] "[W]hen acting in the prosecutorial capacity to enforce a state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted." *Esteves*, 106 F.3d at 678. "[A] Texas County may[, however,] be held liable for acts of a district attorney 'for those duties of a prosecutor that are administrative and managerial in nature' if the prosecutor functions as a 'final policymaker' for the county instead of acting in her prosecutorial capacity as an agent for the state." *Id.* (citing *Brown v. Lyford*, 243 F.3d 185, 192 (5th Cir. 2001); *Esteves*, 106 F.3d at 678). Here, all of Plaintiff's claims arise from the defendants' actions in connection with the criminal proceedings against him, so they are claims against the State of Texas.

withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

All of Plaintiff's claims against the DA and the ADAs are based on actions taken by them in their official prosecutorial capacities during criminal proceedings against him. Eleventh Amendment immunity therefore bars Plaintiff's claims against them in their official capacities, and

those claims should be dismissed without prejudice.[5]

C. **Supervisory Liability**

To the extent that Plaintiff sues the DA in his individual capacity, he fails to state a claim.

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir.2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir.2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id*. A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir.1984); *Blakely v. Andrade*, 360 F.Supp.3d 453, 488–89 (N.D. Tex. 2019).

Here, Plaintiff expressly sues the DA based on his alleged responsibility for all actions of his subordinates. (*See* doc. 11.) He alleges no specific facts to indicate that the DA had any personal involvement in any violation of his constitutional rights, or that he implemented a policy resulting in a constitutional injury to him.

D. **Prosecutorial Immunity**

To the extent that Plaintiff sues the ADAs in their individual capacities, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S.

---

[5] Claims barred by sovereign immunity can only be dismissed for lack of subject matter jurisdiction "and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

409, 430-31 (1976). Prosecutors are entitled to absolute immunity for acts taken in prosecuting cases, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex. 2018). The Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Here, Plaintiff has not alleged that the ADAs acted other than in their adjudicative roles as prosecutors. Because all of the acts of which he complains were taken during the course and scope of their duties as prosecutors, the ADAs are entitled to prosecutorial immunity for any individual capacity claims. *See Imbler*, 424 U.S. at 423.

E.     **Habeas Relief**

Finally, Plaintiff also seeks to "overturn the illegitimate conviction and sentence." (*See* doc. 7 at 2.) Habeas relief is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on his request for relief from his conviction.

### IV. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D.

7

Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint."). Because Plaintiff already responded to an MJQ and subsequently twice amended his complaint, he has plead his best case. His claims are also barred. Leave to amend is not warranted.

## V.  RECOMMENDATION

Any claims against the defendants in their official capacities should be **DISMISSED without prejudice**, and any claims against the defendants in their individual capacities should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**, this 22nd day of February, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                   _____
                                                                                                   IRMA CARRILLO RAMIREZ
                                                                            UNITED STATES MAGISTRATE JUDGE