IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GREGORY ALLEN CLAYBON,** § § Plaintiff, § § v. § § **DISTRICT ATTORNEY THOMAS** § **ANDREW GATLIN "DREW"; DISTRICT** § **ATTORNEY LAURA ANNE COATS;** § **and JOHN CREUZOT,**\* § § Defendants. § | Civil Action No. **3:21-CV-1864-L-BH** |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered on February 22, 2022, recommending that any claims against Defendants in their official capacity should be dismissed without prejudice, and any claims against Defendants in their individual capacities should be dismissed with prejudice as barred by immunity. In addition, the Report concludes that Plaintiff is not entitled to habeas relief in this action under 42 U.S.C. § 1983. The Report further recommends that Plaintiff not be allowed to further amend his pleadings because he has already amended his pleadings twice, he is not entitled to habeas relief, and his claims against Defendants in their individual capacities are barred by immunity.

On March 11, 2022, Plaintiff's "Notice of Appeal" to the Report was docketed. Although styled as a "Notice of Appeal," the arguments in this document appear to be objections to the Report. The court, therefore, **construes** them as such. In his objections, Plaintiff contends: (1)

---

\* The Dallas County Criminal Court #1 and Dallas District Attorneys' Office were dismissed from this action when Plaintiff filed an Amended Complaint on November 4, 2021, that no longer included claims against these prior parties.

**Order – Page 1**

the Report misstates his grievances; (2) the January 6, 2000 hearing was not a trial court hearing to convict him of a crime; it was an illegal revocation hearing, so the Six Amendment does not apply; (3) the state circumvented Article 42.12 sec. 21A(b) of criminal procedure; (4) Defendant Anne Coats knowingly and deliberately submitted "bogus and fabricated documents" to the Court of Criminal Appeals under color of law;  (5) Congress allows states to be sued and heard in federal court under the Fourteenth Amendment; (6) the Supreme court has recognized that prosecutors only have immunity when performing administrative and investigative duties; the state lost its immunity when it abused its authority and violated his Fourteenth Amendment rights; (7) "It would be wrong of me to name someone else when that someone did not have anything to do with this"; and (8) "P.S. I was not asking this court to overturn my conviction, I said if it could be done[,] it would be great. I said I would like, if this court could expung[e] my illegal imprisonment sentence [sic] would be great. I was convicted under fear of duress." Pl.'s Obj. (Doc. 20).

Having considered the pleadings, file, record in this case, and Report, and after conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **overrules** Plaintiff's objections, except for his clarification that it was not his intention to assert a habeas claim or to ask the court to overturn his conviction; **dismisses without prejudice** his claims against Defendants in their official capacities; and **dismisses with prejudice** his claims against Defendants in their individual capacities.  Further, for the reasons stated by the magistrate judge, the court will not allow Plaintiff to further amend his pleadings.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the

court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

    **It is so ordered** this 21st day of March, 2022.

                                                         Sam A. Lindsay
                                                          United States District Judge